IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| KELLOGG BROWN & ROOT SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-351C |
| | ) | (Judge Christine Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the first sentence of the first paragraph of plaintiff's "Introduction" are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of the first paragraph of plaintiff's "Introduction" to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the third sentence of the first paragraph of plaintiff's "Introduction."

Denies the allegations contained in the first sentence of the second paragraph of plaintiff's "Introduction" for lack of knowledge or information sufficient to form a belief as to their truth. The remainder of the allegations contained in the second paragraph of plaintiff's "Introduction" constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

The allegations contained in the third paragraph of plaintiff's "Introduction" constitute plaintiff's characterization of its case and conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1.  Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2.  The allegations contained in paragraph 2 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3.  The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4.  Admits the allegations contained in paragraph 4 that, on July 17, 2008, plaintiff filed a claim with Ms. Mendoza, to the extent supported by the referenced claim document, which is the best evidence of its contents; otherwise denies the allegations.

5.  The allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6.  Admits the allegations contained in paragraph 6 to the extent supported by the referenced notification document, which is the best evidence of its contents; otherwise denies the allegations.

7.  Avers that the referenced letter from the Administrative Contracting Officer was dated November 25, 2008, but other wise admits the allegations contained in paragraph 7 to the extent supported by the referenced letter, which is the best evidence of its contents; otherwise denies the allegations.

8. Admits the allegations contained in paragraph 8 to the extent supported by the referenced notification document, which is the best evidence of its contents; otherwise denies the allegations.

9. Admits the allegations contained in paragraph 9 to the extent supported by the referenced notification document, which is the best evidence of its contents; otherwise denies the allegations.

10. The allegations contained in paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations.

12. Admits the allegations contained in paragraph 12 to the extent supported by the referenced novation document, which is the best evidence of its contents; otherwise denies the allegations.

13. Admits the allegations contained in paragraph 13 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations.

14. Admits the allegations contained in paragraph 14 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations.

15. Admits the allegations contained in paragraph 15 to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise denies the allegations.

16. Admits the allegations contained in paragraph 16 to the extent supported by the referenced task order, which is the best evidence of its contents; otherwise denies the allegations.

17. Admits the allegations contained in paragraph 17 to the extent supported by the referenced task order, which is the best evidence of its contents; otherwise denies the allegations.

18. Admits.

19. Admits.

20. Admits the allegations contained in paragraph 20 that, on occasion during the performance of Task Order 59, some roads in Iraq were closed due to hostilities and contractors in Iraq were sometimes the targets of insurgent activities. The allegations in this paragraph relating to the means of performing the contract are admitted to the extent supported by the contract task order, which is the best evidence of its contents; otherwise denies the allegations. Denies all other allegations contained in this paragraph.

21. The allegations contained in paragraph 21 are plaintiff's characterization of its case, to which no response is required and are so vague that they are not susceptible to responsive pleading; to the extent that they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the referenced task order, which is the best evidence of its contents; otherwise denies the allegations.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the referenced task order, which is the best evidence of its contents; otherwise denies the allegations.

26. Admits.

27. Admits the allegations contained in paragraph 27 to the extent supported by the referenced task order modification, which is the best evidence of its contents; otherwise denies the allegations.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the referenced statement of work, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the referenced statement of work, which is the best evidence of its contents; otherwise denies the allegations.

30. Admits.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. The allegations contained in paragraph 32 are ambiguous and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Denies the allegations contained in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34.  Denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

35.  Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36.  Admits the allegations contained in paragraph 36 to the extent supported by the referenced agreement, which is the best evidence of its contents; otherwise denies the allegations.

37.  Admits the allegations contained in paragraph 37 to the extent supported by the referenced "work release," which is the best evidence of its contents; otherwise denies the allegations.

38.  Admits the allegations contained in paragraph 38 to the extent supported by the referenced "revised work release," which is the best evidence of its contents; otherwise denies the allegations.

39.  The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40.  Admits the allegations contained in paragraph 40 to the extent supported by the referenced "Tamimi Subcontract" which is the best evidence of its contents; otherwise denies the allegations.

41.  Admits the allegations contained in paragraph 41 to the extent supported by the referenced modification to "MA3," which is the best evidence of its contents; otherwise denies the allegations.

42.  Admits the allegations contained in paragraph 42 to the extent supported by the referenced "Tamimi Subcontract" which is the best evidence of its contents; otherwise denies the

allegations.

 43. Admits the allegations contained in paragraph 43 that facilities were constructed at Camp Anaconda at sites A-1 and A-4 by Prime Projects International. Denies the remainder of the allegations contained in paragraph 43 for lack of knowledge or information sufficient to form a belief as to their truth.

 44. The allegations contained in paragraph 44 are ambiguous and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

 45. Denies the allegations contained in paragraph 45 for lack of knowledge or information sufficient to form a belief as to their truth.

 46. Denies the allegations contained in paragraph 46 for lack of knowledge or information sufficient to form a belief as to their truth.

 47. Admits the allegations contained in paragraph 47 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

 48. Denies the allegations contained in paragraph 48 for lack of knowledge or information sufficient to form a belief as to their truth.

 49. Admits the allegations contained in the first sentence of paragraph 49 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations. Denies the allegations contained in the seconds sentence of paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Denies the allegations contained in paragraph 50 for lack of knowledge or information sufficient to form a belief as to their truth.

51. Admits the allegations contained in paragraph 51, regarding the contents of plaintiff's "RFP" to the extent supported by the referenced document, which is the best evidence of its contents; otherwise denies the allegations. Denies the remainder of the allegations contained in paragraph 51 for lack of knowledge or information sufficient to form a belief as to their truth.

52. Admits the allegation contained in paragraph 52, that Tamimi and others responded to the "RFP." Denies the remainder of the allegation contained in paragraph 52.

53. Admits the allegations contained in the first sentence of paragraph 53 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

54. Admits the allegations contained in paragraph 54 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

55. Admits the allegations contained in paragraph 55 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

56. Admits the allegations contained in paragraph 56 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

57. Admits the allegations contained in paragraph 57 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the

allegations.

58. Denies the allegations contained in paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Admits the allegations contained in paragraph 59 that plaintiff solicited and received proposals from vendors for the recruitment and transportation of laborers to Camp Anaconda. Denies the remainder of the allegations contained in paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth.

60. Admits the allegation contained in paragraph 60 that plaintiff awarded a subcontract to "ESS" in August 2004 to provide labor. Denies the remainder of the allegations contained in paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth.

61. Denies the allegations contained in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62. Admits the allegations contained in paragraph 62 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

63. Denies the allegations contained in paragraph 63 for lack of knowledge or information sufficient to form a belief as to their truth.

64. Admits the allegation contained in paragraph 64 that plaintiff terminated its subcontract with ESS. Denies the remainder of the allegations contained in paragraph 64 for lack of knowledge or information sufficient to form a belief as to their truth.

65. Denies the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66. Denies the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Admits the allegations contained in the second sentence of paragraph 68 that Tamimi continued to perform its contract with plaintiff during negotiations. Denies the allegations contained in paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69. Denies the allegations contained in paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth.

70. Admits the allegations contained in paragraph 70 to the extent supported by the referenced contract modification which is the best evidence of its contents; otherwise denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

71. Admits the allegations contained in paragraph 71 to the extent supported by the referenced change orders which are the best evidence of their contents; otherwise denies the allegations.

72. Denies the allegations contained in paragraph 72 because the phrase, "substantially based upon" is ambiguous and for lack of knowledge or information sufficient to form a belief as to their truth.

73. Admits the allegations contained in paragraph 73 to the extent supported by the referenced change order which is the best evidence of its contents; otherwise denies the allegations.

74. Denies the allegations contained in paragraph 74 for lack of knowledge or information sufficient to form a belief as to their truth.

75. The allegations contained in paragraph 75 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

76. The allegations contained in paragraph 76 are ambiguous and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 are ambiguous and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 are ambiguous and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

79. Denies the allegations contained in paragraph 79 for lack of knowledge or information sufficient to form a belief as to their truth.

80. Admits the allegations, contained in paragraph 80, that plaintiff provided vouchers to the Government, that included statements of amounts paid to Tamimi pursuant to Task Order 59. Denies the remainder of the allegations contained in paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81. Admits.

82. Admits.

83. Admits the allegations contained in paragraph 83 to the extent supported by the referenced audit report which is the best evidence of its contents; otherwise denies the allegations.

84. Admits.

85. Admits the allegations contained in paragraph 85 to the extent supported by the referenced DCAA Form 1which is the best evidence of its contents; otherwise denies the allegations.

86. Admits the allegations contained in paragraph 86 to the extent supported by the referenced DCAA Form 1which is the best evidence of its contents; otherwise denies the allegations.

87. The allegations contained in paragraph 87 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

88. Admits the allegations contained in paragraph 88 to the extent supported by the referenced DCAA Form 1which is the best evidence of its contents; otherwise denies the allegations.

89. Admits the allegation contained in paragraph 89, that the "PCO" has withheld $41,070,624 from plaintiff. The remainder of the allegations contained in paragraph 89 are plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

90. Defendant incorporates by reference its responses to the allegations of paragraphs 1 through 89 of the complaint.

91. The allegations contained in paragraph 91 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

93. Admits the allegations contained in paragraph 93 to the extent supported by the referenced regulation, which is the best evidence of its contents; otherwise denies the allegations.

94. The allegations contained in paragraph 94 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

96. Denies.

97. The allegations contained in paragraph 97 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

98. The allegations contained in paragraph 98 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

99. The allegations contained in paragraph 99 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 10 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

101. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 100, or to any relief whatsoever.

102. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant respectfully requests that the Court dismiss the complaint, and that defendant be granted such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    TONY WEST
    Assistant Attorney General

    s/Jeanne E. Davidson
    JEANNE E. DAVIDSON
    Director

                                              s/J. Reid Prouty
J. REID PROUTY
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn:   Classification Unit
        8th Floor
Washington, D.C.  20530
Tele: (202) 305–7586
Fax:  (202) 514-7969

Attorneys for Defendant

October 5, 2009