# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KELLOGG BROWN & ROOT SERVICES, INC. ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) | No. 09-351C (Judge Christine Miller) |

## PLAINTIFF'S NOTICE OF CLARIFICATION REGARDING MOTION TO DISMISS THE COUNTERCLAIMS OF DEFENDANT THE UNITED STATES OF AMERICA

On April 6, 2011, Plaintiff Kellogg Brown & Root Services, Inc. ("KBR") filed a motion to dismiss the Government's Counterclaims in this case pursuant to Rules of the Court of Federal Claims 12(b)(6) and 9(b) [Dkt. 54]. KBR believes that it was implicit that its motion to dismiss also served as a motion to strike the Government's affirmative defense under RCFC 12(f), but KBR files this notice for purposes of clarification.[1] KBR conferred with Government counsel on April 14, 2011 and confirmed that both parties understood that the arguments made in the motion to dismiss applied equally to the Government's affirmative defense.

Because the allegations made in the Government's fraud Counterclaims are the same allegations upon which the Government asserts its affirmative defense that KBR's claim "is unenforceable because of the taint of 'kickbacks,'" (*see* Def.'s Am. Answer and Countercl. ¶ 103 [Dkt. 47]), the Counterclaims and affirmative defense are analyzed under the same standard and a dismissal of the fraud Counterclaims would also require that the Court strike the Government's affirmative defense. *See First Fed. Sav. Bank of Hegewisch v. United States*, 52 Fed. Cl. 774,

---

[1] The Court may also act to strike an insufficient defense on its own under RCFC 12(f)(1).

798 (2002) ("Defendant discusses three of its affirmative defenses . . . all of which are premised on defendant successfully proving its special plea in fraud claim.  As just discussed, the court concludes that defendant cannot establish this claim.  This decision precludes defendant's assertion set forth in these affirmative defenses."); *Ingalls Shipbuilding, Inc. v. United States*, 13 Cl. Ct. 757, 768 (1987) (holding that Rule 9(b) pleading requirement applies to both counterclaims and affirmative defenses alleging fraud), *rev'd on other grounds*, 857 F.2d 1448 (Fed. Cir. 1988).

Respectfully submitted this 14th day of April, 2011.

OF COUNSEL:

Sandra B. Wick Mulvany
**McKenna Long & Aldridge LLP**
1400 Wewatta Street, Suite 700
Denver, Colorado  802202-5556

John M. Faust
Craig D. Margolis
J. Randall Warden
Tirzah S. Lollar
**VINSON & ELKINS L.L.P.**
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, DC 20004-1008
Tel: (202) 639-6500
Fax: (202) 639-6604

   s/ Thomas A. Lemmer by s/John M. Faust
Thomas A. Lemmer
**McKenna Long & Aldridge LLP**
1400 Wewatta Street, Suite 700
Denver, Colorado  80202
Tel: (303) 634-4350
Fax: (303) 634-4400

ATTORNEY FOR KELLOGG BROWN AND ROOT SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April 2011, I electronically filed the foregoing Notice of Clarification with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record.

<u>s/ Thomas A. Lemmer by s/John M. Faust</u>

Attorney for Kellogg Brown & Root Services, Inc.